# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBIN LEE SCHAEFER-CRAFT,

    Petitioner,                              Case No. 1:09-cv-312

:         District Judge S. Arthur Spiegel
   -vs-                               Magistrate Judge Michael R. Merz

WARDEN, Ohio Reformatory for Women,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

In her Petition for Writ of Habeas Corpus, Robin Lee Schaefer-Craft challenges her confinement in Respondent's custody on an agreed plea to two counts of rape and four counts of endangering children. Upon her conviction, the trial judge imposed sentences of ten years each on the rape counts and five years each on the child endangering counts, all to be served consecutively (Entry, Ex. 7 to Return of Writ, Doc. No. 8). She pleads one ground for relief here:

> **Ground One**: The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (Ohio Sup. Ct. 2006), violates the ex post facto doctrine and Due Process Clause of the United States Constitution.

(Petition, Doc. No. 1, PageID 9.)

Petitioner was indicted on August 26, 2005, for two counts of rape, three counts of rape with specifications, three counts of attempted rape, four counts of felonious assault, and four counts of endangering children. *Id.*. At the time she was indicted, Ohio's sentencing regime required that, before a sentencing judge could impose more than minimum concurrent sentences, he or she was

required to make certain findings of fact. Then on February 27, 2006, the Ohio Supreme Court declared that these requirements violated the United States Constitution as interpreted in *Blakely v. Washington*, 542 U.S. 296 (2004). *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). As a remedy, the Ohio Supreme Court severed those portions of Senate Bill 2 which required judicial findings of fact and permitted Ohio judges, in their discretion, to impose any sentence up to the maximum authorized by statute and to impose consecutive sentences on persons convicted of more than one offense. Petitioner's guilty pleas and sentencing came on July 28, 2006, after *Foster* was handed down. She was sentenced to the maximum consecutive sentences allowed by statute without the judicial findings of fact which would have been required before *Foster*.

## Procedural Default

Respondent contends Petitioner procedurally defaulted on her Ground for Relief by not presenting it to the Ohio Court of Appeals on direct appeal. In her appeal, Ms. Schaefer-Craft raised four assignments of error. The one which comes closest to her present Ground for Relief reads:

> 4. The Sixth and Fourteenth Amendments to the United States Constitution forbid the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the defendant or found by a jury beyond a reasonable doubt. Did the trial court err by imposed maximum, consecutive sentences without proof of any particular fact beyond a reasonable doubt as required by the United States Constitution?

(Appellant's Brief, Ex. 13 to Return of Writ, Doc. No. 8, quoted at PageID 27.) This is in effect an argument directly under *Blakely* v. Washington, supra, and makes no mention of *ex post facto* concerns. Nor are any *ex post facto* arguments made in the body of the Brief (See PageID 280-282).

Petitioner does not deny that she omitted this claim from her appeal to the Ohio Court of Appeals, but counters that she raised it at the next level of appeal to the Ohio Supreme Court, admitting that the legal basis of her Fourteenth Amendment claim did shift between the two courts (Traverse, Doc. No. 9, PageID 402.)  She contends that this does not count as a procedural default because the Ohio courts did not sanction her for it. *Id.*.

That argument is unavailing.  The Ohio Supreme Court did not consider this case on the merits, but declined jurisdiction in a form entry.  However, Ohio has a firmly enforced rule that the Ohio Supreme Court will not consider an issue of law which has not been presented to the lower courts.  ¶ 2 of the syllabus in *State v. Williams,* 51 Ohio St. 2d 112, 364 N.E. 2d 1364 (1977)(*Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), approved and followed.).  This explicitly includes constitutional questions.  *State v. Phillips,* 27 Ohio St. 2d 294, 272 N.E. 2d 347 (1971). A federal habeas court may not presume that the state courts would have ignored such a well-established rule.  Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *citing  Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Because her ex post facto claim was not made in the Ohio Court of Appeals, it was not "fairly presented" to the Ohio courts and is procedurally defaulted.  The Petition should be dismissed with prejudice on this basis.

**Merits Analysis**

Alternatively, Petitioner's Ground for Relief is without merit.

The Ex Post Facto Clause of the Constitution does not apply to courts. However, in *Bouie v. City of Columbia*, 378 U.S. 347 (1964) the Supreme Court struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry. In *Bouie*, the South Carolina Supreme Court had, by a new interpretation of the trespass statute which it applied retrospectively, made criminal conduct which was innocent when it was done: remaining in a place of public accommodation after being asked to leave when one had had no notice before entering the store that one was unwanted. That is the most radically unfair sort of retrospective state action: criminalizing primary conduct when it is too late for the subject to conform his conduct to the prohibition.

However, in *Rogers v. Tennessee*, 532 U.S. 451 (2001), the Court distinguished *Bouie* and held that the Due Process Clause does not incorporate as to state judicial decisionmaking all the restrictions imposed on state legislatures by the *Ex Post Facto* Clause. In *Rogers* the Tennessee Supreme Court, as an act of common-law lawmaking, (1) abolished the common-law rule that the death of an assault victim within a year and a day after the assault is a prerequisite to a homicide prosecution and (2) applied the abolition to uphold the murder conviction in that case where death occurred fifteen months after the assault. The United States Supreme Court upheld the conviction, holding that the retroactive abolition of the year-and-a-day rule did not violate Rogers' due process rights. In *Rogers*, the Court described the situations to which it had applied *Bouie*:

> Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories set out in *Calder [v. Bull,* 3 Dall. 386,

> 1 L. Ed. 648 (1798)], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997) ("Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope"); *Marks v. United States*, 430 U.S. at 191-192 (Due process protects against judicial infringement of the "right to fair warning" that certain conduct will give rise to criminal penalties); *Rose v. Locke*, 423 U.S. 48, 53, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975) (per curiam) (upholding defendant's conviction under statute prohibiting "crimes against nature" because, unlike in *Bouie*, the defendant "[could] make no claim that [the statute] afforded no notice that his conduct might be within its scope"); *Douglas v. Buder*, 412 U.S. 430, 432, 37 L. Ed. 2d 52, 93 S. Ct. 2199 (1973) (per curiam) (trial court's construction of the term "arrest" as including a traffic citation, and application of that construction to defendant to revoke his probation, was unforeseeable and thus violated due process); *Rabe v. Washington*, 405 U.S. 313, 316, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972) (per curiam) (reversing conviction under state obscenity law because it did "not give fair notice" that the location of the allegedly obscene exhibition was a vital element of the offense).

532 U.S. at 460.

The criminal acts of which Petitioner was convicted were subject, on the day she committed them, to the maximum sentences she actually received. She cannot plausibly claim that, in committing them, she relied on the requirement for judicial factfinding in Senate Bill 2. There is no unconstitutional retroactive effect on her of applying *State v. Foster* to her case. This Court has consistently held that the Ohio Supreme Court's severance decision in *State v. Foster* is not unconstitutionally retroactive. *Smith v. Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490, 2008 U.S. Dist. LEXIS 80509 (S.D. Ohio, Oct. 10, 2008)(Rice, J.); *Hooks v. Sheets,* 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008)(Beckwith, C.J.); *Ruhlman v. Warden*, 2009 U.S. Dist. LEXIS 101820 (S.D. Ohio Nov. 2,

2009)(Beckwith, J.); *Mason v. Brunsman*, 2009 U.S. Dist. LEXIS 61459 (S.D. Ohio July 16, 2009)(Spiegel, J.).  The Northern District of Ohio has reached the same conclusion.  See, e.g., *Aquino v. Brunsman*, 2009 U.S. Dist. LEXIS 51830 (N.D. Ohio June 19, 2009)(Nugent, J.)  The Ohio Supreme Court has reached the same conclusion.   *State v. Elmore*, 122 Ohio St. 3d 472 (2009).

Petitioner's *ex post facto* claim is without merit.

**Conclusion**

Based on the foregoing analysis, the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 10, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Schaefer-Craft Habes Merits R&R.wpd