# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBIN LEE SCHAEFER-CRAFT,

    Petitioner,  :  Case No. 1:09-cv-312

    -vs-  :  District Judge S. Arthur Spiegel
           Magistrate Judge Michael R. Merz

WARDEN, Ohio Reformatory for Women,

    Respondent.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (Doc. No. 13) to the Magistrate Judge's Report and Recommendations (Doc. No. 13) recommending that the Petition be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner was convicted on an agreed plea to two counts of rape and four counts of endangering children and sentenced to ten years each on the rape counts and five years each on the child endangering counts, all to be served consecutively (Entry, Ex. 7 to Return of Writ, Doc. No. 8). She pleads one ground for relief here:

> **Ground One**: The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (Ohio Sup. Ct. 2006), violates the ex post facto doctrine and Due Process Clause of the United States Constitution.

(Petition, Doc. No. 1, PageID 9.) Petitioner was sentenced July 28, 2006, after the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), and therein severed the requirement under Ohio law that consecutive sentences be supported by judicial findings of fact.

The Magistrate Judge concluded that Petitioner had procedurally defaulted in presenting her claim in the Ohio courts. Petitioner makes no objection to that portion of the Report and Recommendations.

The Magistrate Judge recommended in the alternative that the Petition be denied on the merits because "[t]his Court has consistently held that the Ohio Supreme Court's severance decision in *State v. Foster* is not unconstitutionally retroactive." (Report and Recommendations, Doc. No. 12, PageID 413, citing decisions of Judges Spiegel, Rice, Beckwith, and Merz). The Report cites decisions to the same effect from the Northern District of Ohio and the Ohio Supreme Court. *Id.*.

In her Objections, Petitioner acknowledges that that is the state of the law in both the Northern and Southern Districts. Moreover, she cites *Semala v. Duffey*, Case No. 09-4126 (6th Cir. June 9, 2010)(unreported), and *Hooks v. Sheets*, 603 F.3d 316 (6th Cir. 2010), in which the Sixth Circuit has now held that the retroactive application of the *Foster* severance remedy does not violate due process, at least as applied to consecutive sentences.

Despite acknowledging that all the decided case law is against her, including a decision of the District Judge assigned to this case, Petitioner asks that "the District Court Judge ... reject the Report and Recommendations" or at least issue a certificate of appealability. In doing so, she offers no reasons why Judge Spiegel should reconsider his prior decision or why the reasoned decisions of other judges on this point should be rejected.

A habeas petitioner who loses in district court needs a certificate of appealability, either from

the district court or from the court of appeals, to take an appeal. To obtain one, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

The Magistrate Judge recognizes that Petitioner's counsel is an institutional litigant with an interest on behalf of many clients of the Ohio Public Defender in the issue presented. However, the standard for a certificate of appealability does not turn on the standing of a petitioner's counsel. Petitioner has not shown that reasonable jurists would disagree with the Magistrate Judge's conclusions on the merits and has not objected to his conclusions on procedural default.

Accordingly, it is again respectfully recommended that the Petition herein be dismissed with prejudice and that Petitioner be denied leave to appeal *in forma pauperis* and the requested certificate of appealability.

June 28, 2010.

                       s/ **Michael R. Merz**
                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Schaefer-Craft Habes Merits SuppR&R.wpd