UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBIN LEE SCHAEFER-KRAFT,    :    NO. 1:09-CV-00312
    :
    Petitioner,    :
    :
    v.    :    **OPINION AND ORDER**
    :
WARDEN, OHIO REFORMATORY    :
    FOR WOMEN,    :
    :
    Respondent.    :
    :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 12), Petitioner's Objections (doc. 13), and the Magistrate Judge's Supplemental Report and Recommendation (14). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety and DENIES Petitioner's Petition for Writ of Habeas Corpus.

Petitioner was indicted in Ohio on August 26, 2005, for two counts of rape, three counts of rape with specifications, three counts of attempted rape, four counts of felonious assault, and four counts of endangering children (doc. 12). On June 19, 2006, she pleaded guilty to two counts of rape and four counts of endangering children, and on July 28, 2006, she was sentenced to ten years' incarceration of each rape count and five years' incarceration on each endangering count, all to run consecutively (doc. 1). After exhausting her state appeals, Petitioner filed the

instant habeas petition, with her sole ground for relief being that the remedy set forth in <u>State v. Foster</u>, 845 N.E.2d 470 (Ohio 2006) violates the Ex Post Facto and Due Process clauses of the United States Constitution (<u>Id</u>.). Specifically, she claims that she committed the state offenses prior to the <u>Foster</u> decision, but she was sentenced under Ohio's sentencing scheme as modified by <u>Foster</u> (<u>Id</u>.). This, she argues, violates both the Ex Post Facto and the Due Process clauses because the revised sentencing statutes provide for maximum sentences that are significantly higher than those that were in effect during the time she committed the crimes (<u>Id</u>.).

The Magistrate Judge recommends first that Petitioner's petition be denied because she procedurally defaulted on her sole ground for relief since she did not raise her ex post facto claim in the Ohio Court of Appeals (doc. 12). On the merits, the Magistrate Judge similarly recommends that the petition be denied because both federal and state courts have held that the Foster decision did not create unconstitutional retroactive punishment, and therefore neither the ex post facto nor the due process clause is triggered (<u>Id</u>.). The Magistrate Judge thus recommended that the petition be denied and that a certificate of appealability not issue.

Petitioner filed objections to the Magistrate Judge's report, which states her acknowledgment of the cases out of the Sixth Circuit that have rejected due process and ex post facto

2

claims under similar theories, but asks the Court to "rule in light of the evidence before it" (doc. 13).

The Court notes that it is under no obligation to review de novo objections that are merely perfunctory or an attempt to engage the Court in a rehashing of the same arguments set forth in the original petition. See, e.g., Edwards v. Fischer, 414 F.Supp.2d 342, 346-47 (S.D. Ny. 2006). In such cases, as here, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court finds no clear error in the Magistrate Judge's Report and Recommendation. On the contrary, the Court finds it well-reasoned, thorough and correct. Indeed, it easily withstands even a de novo review. The elements of the crimes for which Petitioner was convicted were not changed by Foster. Neither did Foster change the maximum potential penalty Petitioner faced. Instead, Foster merely allowed the trial court to use its discretion to sentence Petitioner to anything within, but not beyond, the statutory range. 845 N.E.2d at 498. Such a scheme in no way violates the Constitution, and Petitioner has cited nothing holding otherwise. Indeed, as Petitioner herself recognizes, case

3

law overwhelmingly supports the Magistrate Judge's recommendation. <u>See</u>, <u>e.g.</u>, <u>Wright v. Lazaroff</u>, 643 F.Supp.2d 971 (S.D. Ohio 2009); <u>Smith v. Brunsman</u>, 626 F.Supp.2d 786 (S.D. Ohio 2009).

Having reviewed this matter thoroughly, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct.  Out of an abundance of caution, the Court has engaged in a <u>de</u> <u>novo</u> review of Petitioner's objections and agrees with the Magistrate Judge's conclusions.  For the aforementioned reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 12), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1).  The Court also DECLINES to issue a certificate of appealability, because Petitioner has failed to make a substantial showing of the denial of a constitutional right and the issues presented are not adequate to deserve encouragement to proceed further.  <u>See</u> <u>Slack v.</u> <u>McDaniel</u>, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b).  Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order would not be taken in good faith, and any application to appeal <u>in</u> <u>forma</u> <u>pauperis</u> will be DENIED.

SO ORDERED.

Dated: November 23, 2010          /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge